Mark Schmitt
P.O. # 31502
Phx, Arizona
[85046]   480-661-2066

# United States District Court for the District of Arizona

| | |
|---|---|
| **MARK SCHMITT**     Plaintiff | **CASE No.:**_____    CV-13-01116-PHX-NVW |
| | **Judge:**_____ |
| **vs.** | |
| **MIDLAND FUNDING LLC** | |
| **and** | **COMPLAINT FOR DAMAGES** |
| **JEROLD KAPLAN LAW OFFICE, P.C.** | **TRIAL BY JURY DEMANDED** |
| **and** | |
| **JOHN AND JANE DOE[S] 1-100** | |
| **Defendant(s)** | |

✓ FILED _____ LODGED
_____ RECEIVED _____ COPY

JUN 0 3 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
DEPUTY

## COMPLAINT FOR VIOLATIONS OF FDCPA AND ARIZONA FAIR DEBT COLLECTION PRACTICES ACT

## JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1692 and 28 U.S.C. §1331 and 28 U.S.C.§1367 for supplemental State claims.

## PARTIES

2. The Plaintiff in this lawsuit is Mark Schmitt©™, a natural person, whose contact address is P.O. Box 31502 Phoenix, Az. [85046]

3. The Defendant in this lawsuit is MIDLAND FUNDING LLC. , who does business in Arizona and JEROLD KAPLAN LAW OFFICE, P.C. whose office is at 2738 E. Washington St. Phoenix, AZ 85034, and JOHN and JANE DOE[S] 1-100, hereinafter "Defendants".

4. At all times the Defendants were and are operating as a debt collector as defined by 15 U.S.C. § 1692a [6] and Arizona's FAIR DEBT COLLECTION PRACTICES ACT..

## VENUE

5.  The occurrences which give rise to this action occurred in Maricopa County Arizona.

6.  Venue is proper in the U.S. District Court for the District of Arizona .

## STATEMENT OF FACTS

7.  On  May 1st, 2013 Midland Funding LLC through its alleged agent, Jerold Kaplan Law Office, P.C. and others [John and Jane Doe[s] 1-100, known and or unknown to Plaintiff,  filed a debt collection lawsuit against the Plaintiff in the Maricopa Superior Court, State of Arizona, Maricopa County.

8.  Plaintiff resides in Maricopa County, Arizona.

9.  The Defendants are not a licensed debt collection agency in the State of Arizona.

### COUNT 1
### VIOLATION OF THE FAIR DEBT PRACTICES ACT

10. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 9 above.

11. The Defendants violated the Fair Debt Collection Practices Act by filing a lawsuit against Plaintiff, thereby conducting a collection agency, without being Licensed in the State of Arizona and in violation of 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and the Arizona Fair Debt Collection Practices Act.

12. As a result of these violations of the Fair Debt Collection Practices Act, the Defendants owe Plaintiff for his actual damages, statutory damages, punitive damages, costs, applicable attorney fees and all other appropriate relief.

### COUNT 2
### VIOLATION OF THE FAIR DEBT PRACTICES ACT

13. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 12 above.

14. Defendants violated the Fair Debt Collection Practices Act by filing a lawsuit against Plaintiff using False or Misleading Representations in violation of 15 U.S.C. § 1692e.

15. As a result of these violations of the Fair Debt Collection Practices Act the Defendants are liable to Plaintiff for his actual damages, statutory damages, punitive damages, costs, applicable attorney fees and all other appropriate relief.

## COUNT 3
## VIOLATION OF THE FAIR DEBT PRACTICES ACT

16. The Defendants violated the Fair Debt Collection Practices Act by filing an illegal lawsuit against Plaintiff in violation of 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and Arizona's Fair Debt Collection Practices Act

17. As a result of these violations of the Fair Debt Collection Practices Act, the Defendants are liable to Plaintiff for his actual damages, statutory damages, punitive damages, costs, applicable attorney fees and all other appropriate relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter Judgment in his favor and against Defendants in an amount that will compensate him for his actual damages, statutory damages, punitive damages, costs, applicable attorney fees and all other appropriate relief.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,

By: Secured Party, Mark: Schmitt©™
All Rights Reserved and none waived. Without Recourse.

Send response to:
Mark: Schmitt
C/o P.O. Box 31502
Phoenix, A.Z. [85046]

-CERTIFIED DOCUMENT- *7012 2920 0000 9096 7927*

Date: *6/3/2013*

**JEROLD KAPLAN LAW OFFICE, P.C.**
2738 E. Washington St.
Phoenix, AZ 85034
C/o Midland Funding LLC
        And
CVS Pharmacy, Inc.
[as Respondent(s)]

**Re**: Alleged debt of $11807.89 together with any alleged accruing interest, costs and the like.

### REQUEST FOR VALIDATION OF PURPORTED
### DEBT PURSUANT TO Federal Fair Debt
### Collection Practices Act, [15 USC 1692g § 809].

    This request for validation is hereby demanded of you and notice that your claim is **disputed**. This is a **Request for Validation** made pursuant to the Federal Fair Debt Collection Practices Act, [15 USC 1692g] § 809. I dispute your debt collection-related allegations, deny the same, and **demand strict proof** and verification thereof. This dispute, denial, and demand are made in accordance with federal law. **Please complete and return the attached Debt Collector Disclosure Statement within 30 days of receipt.**

    I am requesting a "validation," that is, competent evidence that I have some contractual obligation to pay you. Continuation of collection activities against me without strict proof of 1) alleged debt and 2) your right to collect may constitute violation of the Federal Fair Debt Collection Practices Act, [15 USC 1692f] §808 (1) and The Fair Debt Buyers Practices Act [SB 890]. Demand is made for a claim made by sworn statement and signed with a wet-ink-signature by the real-party-of-interest of the ratification of commencement, and the production of the original-wet-ink-two-party-contract upon which is the foundation of this instant matter for examination.

**ALL** of the following is requested and demanded of Respondent:

### DEBT COLLECTOR DISCLOSURE STATEMENT

This statement and the answers contained herein may be used by alleged Debtor, if necessary, in any court of competent jurisdiction. NOTICE: This Debt Collector Disclosure Statement is not a substitute for, nor the equivalent of, the afore-requested verification/validation of the alleged debt. Should Debt Collector require more space than provided to fully complete its answers, Debt Collector is instructed to complete its answers on the reverse side of these pages, and/or use additional pages, clearly identifying and referencing each answer to its corresponding question.

1. Name and Address of Debt Collector:

2. Name and Address of alleged Debtor: _____

_____

_____

3. Alleged Account Number(s): _____

4. Alleged debt owed to the penny: _____

5. Date alleged debt became payable: _____

_____

6. Re this alleged account, what is the name and address of the alleged Original Creditor, if different from Debt
   Collector? _____

_____

7. Re this alleged account, if Debt Collector is different from alleged Original Creditor, does Debt Collector have a
   bona fide affidavit of assignment to enter into alleged original contract between alleged Original Creditor and
   alleged Debtor?          YES          NO

8. Did Debt Collector purchase this alleged account from the alleged Original Creditor?
          YES          NO          N/A (Not Applicable)

9. If applicable, date of purchase of this alleged account from alleged Original Creditor, and purchase amount:
   Date: _____   Amount: $_____

10. Did Debt Collector purchase this alleged account from a previous debt collector?
          YES          NO          N/A (Not Applicable)

11. If applicable, date of purchase of this alleged account from previous debt collector, and purchase amount:
    Date: _____   Amount: $_____

12. Regarding this alleged account, Debt Collector is currently the: (a) Owner; (b) Assignee; (c) Other, explain:

_____

_____

13. What are the terms of the transfer of rights re this alleged account?

_____

_____

14. If applicable, transfer of rights re this alleged account was executed by the following method:  (a) Assignment;
    (b) Negotiation; (c) Novation; (d) Other, explain:

_____

_____

15. If the transfer of rights re this alleged account was by assignment, was there consideration?
          YES          NO          N/A (Not Applicable)

16. What is the nature and cause of the consideration cited in #15 above?

_____

_____

17. If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value?
          YES          NO          N/A (Not Applicable)

18. What is the nature and cause of any value cited in #17 above?

_____

_____

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May~~June 13~~,2013 a copy of the forgoing Plaintiff's

Complaint  was sent by Certified Mail U.S. mail to JEROLD KAPLAN LAW OFFICE 2738 E.

Washington St. Phoenix, AZ 85034 C/O and Agent for MIDLAND FUNDING LLC and JOHN and JANE

DOE[S] 1-100.

By: Secured Party, Mark: Schmitt ©™
All Rights Reserved and none waived. Without Recourse.

NOTICE TO PRINCIPAL IS [IMPUTED] NOTICE TO AGENT-NOTICE TO AGENT IS [IMPUTED] NOTICE TO PRINCIPAL